```
                                                        RECEIVED
                                                   USDC CLERK, CHARLESTON, SC
            UNITED STATES DISTRICT COURT
              DISTRICT OF SOUTH CAROLINA            2007 MAY 23  A 11: 34
```

Robert Medley, # 251576,                ) C/A No. 2:07-1401-CMC-RSC
                                        )
                    Petitioner,         )
                                        )
vs.                                     ) Report and Recommendation
                                        )
Mr. Douglas Taylor, Warden,             )
                                        )
                                        )
                    Respondent.         )
                                        )

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently incarcerated at Ridgeland Correctional Institution, serving a sentence entered by the Dorchester County General Sessions Court following a guilty plea entered in July 1998. According to the statements contained in the Petition, which are supported by the copies of state court pleadings and orders provided by Petitioner as exhibits to the Petition, it appears that he did not file a direct appeal from his convictions and sentences, but he did file an initial PCR application on October 27, 1998, claiming ineffective assistance of counsel and involuntary plea. According to Dorchester County and

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

South Carolina Supreme Court judicial orders, Petitioner voluntarily dismissed his PCR application and the case was dismissed with prejudice on the merits on August 23, 2000. Petitioner was "served" by the state Attorney General's office with said dismissal order in December 2000. Petitioner states (and the state court documents he submitted show) that he did not appeal the dismissal of his PCR case, and did not file any other type of collateral attack on his convictions and sentence until December 29, 2004, when he filed an unsuccessful "motion" in the trial court seeking to amend his previously dismissed PCR application or, alternatively, to file an amended application. That motion was denied as "moot" on September 1, 2005, and a notice of appeal was filed on September 14, 2005. The appeal was denied by the South Carolina Supreme Court on October 20, 2005, based on a ruling that the trial court's order was not a final, appealable order. Petitioner then filed an "Application for Writ of Habeas Corpus" (or a second PCR) in the state court on October 24, 2005, and, following a hearing, that application was dismissed with prejudice as successive and time-barred on February 26, 2007. An appeal from the dismissal was denied on May 2, 2007. The Petition in this case was mailed to this Court in an envelope containing both a prison date stamp and a post mark showing a May 14, 2007 mailing date. See *Houston v. Lack*, 487 U.S. 266 (1988)(prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to

2

District Court).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social*

*Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal due to untimeliness.

The applicable law is as follows: The Anti-terrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the *latest* of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. *Duarte v. Hershberger*, 947 F. Supp. 146, 148, n.2 (D. N.J. 1996).

>   Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a *"properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim* is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As previously stated, Petitioner was convicted and sentenced on July 23, 1998. He did not file a direct appeal or a petition for certiorari with the United States Supreme Court, thus the clock started to run on his one-year statute of limitations, i.e., his convictions/sentences became final and the § 2254 statute of limitations clock began to run ten days later, when the time for filing the direct appeal expired: August 3, 1998. Eighty-six (86) days elapsed before Petitioner filed his timely PCR application in the Dorchester County Court of Common Pleas on October 28, 1998. The § 2254 clock stopped during the pendency of the PCR application and did not begin to run again until the conclusion of the PCR case and the period provided for seeking state appellate review of the PCR judgment. 28 U.S.C. § 2244(d)(2). Petitioner states, and the state court documents he provided show, that his PCR case was dismissed on August 23, 2000, and no review from the South Carolina

5

appellate courts was sought within the thirty (30) days provided under the Rule 203 of the South Carolina Appellate Court Rules for seeking such review. Accordingly, the § 2254 statute of limitations clock started to run again in Petitioner's case on September 22, 2000, and the remaining two hundred seventy-nine (279) days available to Petitioner to file a § 2254 petition expired on June 29, 2001. The fact that Petitioner thereafter filed two additional and unsuccessful collateral-attack-type actions in the trial court beginning over three years later (December 14, 2004 and November 1, 2005 respectively), and also pursued state appeals with regard to the trial court's rejection of those late and successive actions, is of no effect to the determination of the date on which the § 2254 limitations period ran. Unlike the initial, timely PCR application filed in 1998 and concluded in 2000, neither of those later-filed state court actions qualify as a "'properly filed' application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ," 28 U.S.C. § 2244(d)(2), because both were dismissed by the state court solely on procedural grounds without any judgment on the merits of the claims asserted therein. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The aggregation of the 86 days between the end of the direct appeal period and the filing of the initial PCR and the 279 days after the expiration of the PCR period appeal period until the end

6

of the available one-year period in order to determine the date on which the § 2254 limitations period ran is required under Fourth Circuit precedent. In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In *Harris*, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

*Harris*, 209 F.3d at 327.

Moreover, Petitioner has not included any allegations in his Petition that would warrant equitable tolling of the § 2254 limitations period in this case. In fact, Petitioner appears to have intentionally left blank the section of the petition form that he used in which he could have provided any excuse or excuses he might have believed he had for the late filing. Entry 1, Pet. 13, ¶ 18 ("If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.").

7

In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit stated the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris*, however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> *Id*. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris*, 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances,

8

> (2) beyond his control or external to his own conduct,
> (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

*Rouse*, 339 F.3d at 246-47.

In this case, the untimeliness of the Petition is clear on the face of the record before this Court, and Petitioner has not referenced any (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing his Petition on time. *See Pace*; *Rouse*. Therefore, it is recommended that the Petition be summarily dismissed as it is barred by the statute of limitations. *See Day v. McDonough*, 547 U.S. 198,_, 126 S.Ct. 1675, 1684 (2006); *Eriline Co. SA v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney*

9

v. *Gammon*, 79 F.3d 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

                                                Respectfully submitted,

                                                Robert S. Carr
                                                United States Magistrate Judge

May 23, 2007
Charleston, South Carolina

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).